


**BALLOON NOTE**
(Fixed Rate)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

September 27th, 2006        SEATTLE        WASHINGTON
    Date                      City            State

3823 42ND AVENUE SOUTHWEST, SEATTLE, WA 98116
                Property Address

### 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $     118,000.00     (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is
**FIRST HORIZON HOME LOAN CORPORATION**
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

### 2. INTEREST
I will pay interest at a yearly rate of     8.375     %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS
(A) Time and Place of Payments
I will pay principal and interest by making payments each month of U.S. $     896.89
I will make my payments on the   1st   day of each month beginning on   November 1st, 2006.
I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on   October 1st, 2021   ,
I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at   PO BOX 31
**MEMPHIS, TN 38101**                or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $     896.89     , with a balloon payment of
$     92,655.11  .

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED
(A) Late Charge for Overdue Payments
If the Note Holder has not received the full amount of any of my monthly payments by the end of   15   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     10.00     % of my overdue payment, but not less than U.S. $   N/A   and not more than U.S.$   N/A   . I will pay this late charge only once on any late payment.

(B) Default
If I do not pay the full amount of each monthly payment by the date stated in Section 3 above, on time, I will be in default.
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described below, the Note Holder will still have the right to do so if I am in default at a later time.

(C) Notice from the Note Holder
If I am in default, the Note Holder may send me a written notice telling me that, if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all interest that I owe on that amount. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

Initial: DAB/CJB

Case 10-18689-SJS   Doc 13-1   Filed 08/26/10   Ent. 08/26/10 14:16:45   Exhibit A

(D) Payment of Note Holder's Cost and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 5. THIS NOTE SECURED BY A DEED OF TRUST

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated September 27th, 2006                , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only a part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

Initial: DAB/CJB

_____ (Seal)  _____ (Seal)
DEBRA A BURGESS      -Borrower    CRAIG J BURGESS    -Borrower

_____ (Seal)  _____ (Seal)
                     -Borrower                       -Borrower

_____ (Seal)  _____ (Seal)
                     -Borrower                       -Borrower

_____ (Seal)  _____ (Seal)
                     -Borrower                       -Borrower
                                              (Sign Original Only)

Pay to the order of

Without recourse
First Horizon Home Loan Corporation

by_____
B.J. Cooley, Vice President

# BALLOON NOTE ADDENDUM
(CONDITIONAL RIGHT TO REFINANCE)

THIS BALLOON NOTE ADDENDUM is made this  27th  day of  September, 2006 , and is incorporated into and shall be deemed to amend and supplement the Balloon Note made by the undersigned (the "Borrower") in favor of
**FIRST HORIZON HOME LOAN CORPORATION**

(the "Lender") and dated the same date as this Addendum (the "Note"). The interest rate stated on the Note is called the "Note Rate." The date of the Note is called the "Note Date."

I (the Borrower) understand the Lender may transfer the Note, the related Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument") and this Addendum. The Lender or anyone who takes the Note, Security Instrument and this Addendum by transfer and who is entitled to receive payments under the Note is called the "Note Holder."

ADDITIONAL COVENANTS. In addition to the covenants and agreements in the Security Instrument, Borrower, and Lender, further covenant and agree as follows (despite anything to the contrary contained in the Security Instrument or the Note):

1. **CONDITIONAL RIGHT TO REFINANCE**
At the maturity date of the Note and Security Instrument (the "Note Maturity Date"), I will be able to obtain a new loan ("New Loan") with a new Maturity Date of  October 1st, 2036 , (the "New Maturity Date") and with an interest rate equal to the "New Loan Rate" determined in accordance with Section 3 below if all the conditions provided in Sections 2 and 5 below are met (the "Conditional Refinance Option"). If those conditions are not met, I understand that the Note Holder is under no obligation to refinance the Note, or to modify the Note, reset the Note Rate, or extend the Note Maturity Date, and that I will have to repay the Note from my own resources or find a lender willing to lend me the money to repay the Note.

2. **CONDITIONS TO OPTION**
If I want to exercise the Conditional Refinance Option, certain conditions must be met as of the Note Maturity Date. These conditions are: (a) I must still be the owner and occupant of the property subject to the Security Instrument (the "Property"); (b) I must be current in my monthly payments and cannot have been more than 30 days late on any of the 12 scheduled monthly payments immediately preceding the Note Maturity Date; (c) there are no liens, defects, or encumbrances against the Property, or other adverse matters affecting title to the Property (except for taxes and special assessments not yet due and payable) arising after the Security Instrument was recorded; (d) the New Loan Rate cannot be more than 5 percentage points above the Note Rate; and (e) I must make a written request to the Note Holder as provided in Section 5 below.

3. **CALCULATING THE LOAN NOTE RATE**
The New Loan Rate will be a fixed rate of interest equal to the Federal Home Loan Mortgage Corporation's required net yield for 30-year fixed rate mortgages subject to a 60-day mandatory delivery commitment, plus one-half of one percent (0.5%), rounded to the nearest one-eighth of one percent (0.125%) (the "New Loan Rate"). The required net yield shall be the applicable net yield in effect on the date and time of day that the Note Holder receives notice of my election to exercise the Conditional Refinance Option. If this required net yield is not available, the Note Holder will determine the New Loan Rate by using comparable information.

4. **CALCULATING THE NEW PAYMENT AMOUNT**
Provided the New Loan Rate as calculated in Section 3 above is not greater than 5 percentage points above the Note Rate and all other conditions required in Section 2 above are satisfied, the Note Holder will determine the amount of the monthly payment that will be sufficient to repay in full (a) the unpaid principal, plus (b) accrued but unpaid interest, plus (c) all other sums I will owe

**MULTISTATE BALLOON NOTE ADDENDUM (REFINANCE)** - Single Family - **Freddie Mac UNIFORM INSTRUMENT** Form 3292 1/01

-878N (0005)

Page 1 of 2

VMP MORTGAGE FORMS - (800)521-7291

Initials: 

Case 10-18689-SJS    Doc 13-1    Filed 08/26/10    Ent. 08/26/10 14:16:45    Pg. 5 of 6

under the Note and Security Instrument on the Note Maturity Date (assuming my monthly payments then are current, as required under Section 2 above), over the term of the New Loan at the New Loan Rate in equal monthly payments. The result of this calculation will be the amount of my new principal and interest payment every month until the New Loan is fully paid.

5. EXERCISING THE CONDITIONAL REFINANCE OPTION

The Note Holder will notify me at least 60 calendar days in advance of the Note Maturity Date and advise me of the principal, accrued but unpaid interest, and all other sums I am expected to owe on the Note Maturity Date. The Note Holder also will advise me that I may exercise the Conditional Refinance Option if the conditions in Section 2 above are met. The Note Holder will provide my payment record information, together with the name, title and address of the person representing the Note Holder that I must notify in order to exercise the Conditional Refinance Option. If I meet the conditions of Section 2 above, I may exercise the Conditional Refinance Option by notifying the Note Holder no earlier than 60 calendar days and no later than 45 calendar days prior to the Note Maturity Date. The Note Holder will calculate the fixed New Loan Rate based upon the Federal Home Loan Mortgage Corporation's applicable published required net yield in effect on the date and time of day notification is received by the Note Holder and as calculated in Section 3 above. I will then have 30 calendar days to provide the Note Holder with acceptable proof of my required ownership, occupancy and property lien status. Before the Note Maturity Date the Note Holder will advise me of the new interest rate (the New Loan Rate), new monthly payment amount and a date, time and place at which I must appear to sign any documents required to complete the required refinancing. I understand the Note Holder will charge me a $250 processing fee and the costs associated with the exercise of the Conditional Refinance Option, including but not limited to the cost of updating the title insurance policy.

BY SIGNING BELOW, BORROWER accepts and agrees to the terms and covenants contained in this Balloon Note Addendum.

_____ (Seal)
DEBRA A BURGESS           -Borrower

_____ (Seal)
CRAIG J BURGESS           -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

*[Sign Original Only]*

Case 10-18689-SJS    Doc 13-1    Filed 08/26/10    Ent. 08/26/10 14:16:45    Pg. 6 of 6